**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| James Kiesner, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 1:12-cv-00448-JMC |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Starbucks Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 26], regarding Plaintiff James Kiesner's ("Plaintiff") claim of employment discrimination against his employer Starbucks Corporation ("Defendant"). Plaintiff filed suit pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). Following discovery, Defendant filed a Motion for Summary Judgment on October 29, 2012, [Dkt. No. 20], and the parties thereafter filed supporting and opposing briefs, [Dkt. Nos. 20-1, 23, 24].

The Magistrate Judge concluded that summary judgment in Defendant's favor is warranted and recommends that the court grant the Motion for Summary Judgment. [Dkt. No. 26 at 17]. Plaintiff timely filed Objections to the Magistrate Judge's Report ("Objections") on June 14, 2013, [Dkt. No. 29], to which Defendant filed a Reply [Dkt. No. 30]. For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and **GRANTS** Defendant's Motion for Summary Judgment.

1

**BACKGROUND**

The court concludes, upon its own careful review of the record, that the factual and procedural background delineated in the Magistrate Judge's Report is accurate, with certain modifications. As discussed below, the facts are modified to include some portions of Plaintiff's affidavit ("Affidavit"), [Dkt. No. 23-1], which was attached as an exhibit to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Memorandum in Opposition"), [Dkt. No. 23]. The court therefore adopts the Report's background as its own, by reference, with the aforementioned modifications.

**LEGAL STANDARDS**

*Report and Recommendation*. The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the bases for those objections. Fed. R. Civ. P. 72(b). "Parties are deemed to have waived an objection to a magistrate judge's report if they do not present their claims to the district court." *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008). Furthermore, "a general objection to a magistrate judge's findings is not sufficient—'a party must object to the

2

[magistrate's] finding or recommendation . . . with sufficient specificity so as to reasonably alert the district court of the true ground for the objection'" *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) (alterations in original)). General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge. *See Jackson v. Astrue*, No. 1:09cv467, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Such objections, stating no more than a general disagreement with the magistrate judge's findings, do not alert the court to errors and are thus not accurately labeled as "objections." *See Jackson*, 2011 WL 1883026; *Aldrich*, 327 F. Supp. 2d at 747. Therefore, if a party fails to properly object because the objections lack the requisite specificity, *de novo* review by the court is not required. *See Brooks v. James*, No. 2:10-2010-MBS, 2011 WL 4543994, at *2 (D.S.C. Sept. 30, 2011); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008). In the absence of a proper objection, the court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note); *see also Thomas v. Arn*, 474 U.S. 140, 148–53 (1985).

*Motion for Summary Judgment*. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits show that "there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

3

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr.*, *Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). However, the non-movant may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). The existence of a mere scintilla of evidence in support of the claimant's position is insufficient to withstand the summary judgment motion. *See Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299 (4th Cir. 2006). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir.1995).

## DISCUSSION

Plaintiff brings suit against Defendant for failure to promote him because of his age. Under the ADEA, an employer may not fail or refuse to hire or discharge an individual or otherwise discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment on account of that individual's age. 29 U.S.C. § 623(a)(1). These prohibitions apply only when the individual at issue is at least forty years of age. 29 U.S.C § 631(a). Accordingly, to establish a *prima facie* case of age discrimination for an employer's failure to promote, a plaintiff-employee must demonstrate that:

> (1) he . . . was at least forty years old; (2) that his employer had an open position for which he applied and was qualified; (3) he was rejected despite his qualifications; and (4) the position remained open or was filled by a similarly

>   qualified applicant who was substantially younger than the plaintiff, whether inside or outside the class protected by the ADEA.

*Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006). Additionally, to succeed on his claim, an ADEA plaintiff must show that age was the "but for" cause of the adverse action taken by his employer. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009); *see also Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) ("[An ADEA] disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in [the employer's decisionmaking] and had a determinative influence on the outcome.").

Where a plaintiff does not rest his claim on direct evidence of discrimination, such as in the instant case, the court employs the burden-shifting regime of *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973).[1] Once a plaintiff succeeds in establishing a *prima facie* case, he creates a presumption of discrimination, and the burden shifts to the defendant-employer to present valid non-discriminatory reasons for its adverse action against plaintiff. *McDonnell Douglas*, 411 U.S. at 802–03; *Laber*, 438 F.3d at 430. If the defendant satisfies this burden, then the presumption evaporates, and the plaintiff must establish, by a preponderance of the evidence, that the non-discriminatory reason advanced by the defendant is a mere pretext for engaging in unlawful discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142–43 (2000); *Laber*, 438 F.3d at 430.

---

[1] The court agrees with the Magistrate Judge, [Dkt. No. 26 at 12 n.6], that the Supreme Court's recent pronouncement—that it "has not definitively decided" whether the *McDonnell Douglas* framework, utilized in the Title VII context, "is appropriate in the ADEA context" as well, *Gross*, 557 U.S. at 175 n.2—does not bar the application of the *McDonnell Douglas* framework here. The court, along with the Magistrate Judge, must follow Fourth Circuit precedent until the Supreme Court provides further direction. In this regard, the Court of Appeals for the Fourth Circuit has continued to apply *McDonnell Douglas* to ADEA claims. *See Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004); *see also Bodkin v. Town of Strasburg*, 386 Fed. App'x 411, 413–14 (4th Cir. 2010).

In her Report, the Magistrate Judge determined that the issues for the court are whether Plaintiff has carried his burden of proving that Defendant's articulated reason for not promoting him was pretextual and that his age was the "but for" cause for the decision to not promote him. [Dkt. No. 26 at 12]. The court agrees. Defendant does not deny Plaintiff's ability to present a *prima facie* case of discrimination, [Dkt. No. 20-1 at 13], nor does Plaintiff dispute that Defendant has presented a legitimate, non-discriminatory reason for its failure to promote him, [Dkt. No. 23 at 14]. Thus, the burden rests on Plaintiff to prove, by preponderance, that Defendant's reasons for failing to promote him are nothing more than pretext, masking a decision based upon Plaintiff's age.

The Report found that, even construing the facts in his favor, Plaintiff had not presented sufficient evidence from which a jury could find in his favor on this issue. Consequently, because there was no genuine dispute on this, the sole material issue, the Report concluded that Defendant was entitled to judgment as a matter of law. Plaintiff makes three Objections to the Report. He contends that the Magistrate Judge erred by (1) refusing to consider Plaintiff's Affidavit, [Dkt. No. 23]; (2) concluding that Plaintiff could not establish that Defendant's reason for failing to promote him was a pretext for unlawful age discrimination; and (3) finding that Plaintiff's "other evidence" was insufficient to create a jury question as to whether Defendant's decision to not promote Plaintiff was because of his age. The court addresses these three objections in turn.

**Plaintiff's Affidavit**

Along with his Memorandum in Opposition, Plaintiff submitted an Affidavit detailing his version of the facts of the case. He relied on the Affidavit to provide much of the factual background to support his Memorandum in Opposition. The Affidavit, executed November 27,

6

2012, postdates the closing of the discovery period for this case, which occurred on September 20, 2012, [Dkt. Nos. 15, 17]. During discovery, Plaintiff was deposed at length: he was asked to present facts for the record, including any information he wished to volunteer, and was subjected to examination regarding his testimony. [Dkt. No. 20-2 at 138–40].

The Magistrate Judge determined that Plaintiff's reliance on the Affidavit violated Rule 56 of the Federal Rules of Civil Procedure because he supported his assertions with materials that were not properly part of the record in the case. Consequently, the Report held that the content of the Affidavit should be disregarded, and the Magistrate Judge chose not to rely on it in making her recommendation. [Dkt. No. 26 at 2 n.1]. Instead, the Report relied on material in the record produced before the close of discovery and construed these facts in Plaintiff's favor. Plaintiff objects to the Magistrate Judge's disregard of his Affidavit. He contends that, pursuant to the guidelines set forth in Rule 56, the Affidavit is part of the record in the case. [Dkt. No. 29 at 2]. He further argues that the Affidavit does not contradict any facts that were elicited during his deposition testimony; rather, the Affidavit merely clarifies, expounds, or supplements that testimony. [*Id.* at 2–3]. Therefore, Plaintiff claims, the Magistrate Judge abused her discretion by ignoring the Affidavit. [*Id.*]

The court reviews the decision to disregard Plaintiff's post-discovery Affidavit *de novo*. Rule 56 requires that

> [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of *materials in the record*, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

Fed. R. Civ. P. 56(c)(1)(A) (emphasis added). The Report could be read to suggest that, as a matter of law, affidavits first submitted to the court as attachments to a response to a motion for

7

summary judgment cannot be part of "the record" as that term is used in Rule 56 and, therefore, must be disregarded. That is not the case. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (upholding district court's decision to disregard some portions of an affidavit and to consider other portions). To whatever extent the Report employs such a construction of Rule 56, the court does not accept it. Though it should not be automatically disregarded, the content of an affidavit submitted in opposition to summary judgment is severely constrained. *See id.* (holding affidavits must present evidence in substantially the same form as if the affiant were testifying in court, must contain admissible evidence, must be based on personal knowledge, cannot be conclusory, and cannot be based on hearsay). Furthermore, any persisting conflict between a party's deposition testimony and later affidavit is resolved in favor of the deposition. *In re Family Dollar FLSA Litig.*, 637 F.3d 508, 512–13 (4th Cir. 2011); *see also Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) (noting the virtual unanimity in the circuit courts on the issue).

Plaintiff argues that his Affidavit fits within the limits imposed on summary judgment affidavits. His assertion that the Affidavit is in the record, for the purposes of Rule 56, is correct. However, it is not so clear that the Affidavit meets the other limitations imposed by Fourth Circuit precedent. The court need not decide the issue because, even assuming that the Affidavit meets these limitations, the court finds that considering the Affidavit would neither affect the court's analysis nor disturb the Magistrate Judge's conclusions.

In his Objections, Plaintiff relies on the Affidavit to make six factual assertions. These include the following: (1) details of Plaintiff's prior occupation operating a racehorse training business, [Dkt. No. 29 at 4–5]; (2) Plaintiff's discussion of his management of the racehorse training business with Schreck, [*id.*]; (3) his being hired as a shift supervisor rather than a barista

8

due to his prior management experience, [*id.* at 5]; (4) Alston's giving Plaintiff additional supervisory responsibilities prior to the promotion decision, [*id.* at 6]; (5) Williams' reliance on Plaintiff to supervise the store in his absence and Williams' subsequent acknowledgment of Plaintiff's efforts in a holiday card, [*id.*]; (6) the fact that Schreck did not observe Plaintiff on a daily basis, but only visited the store once per week and sometimes on days during which Plaintiff was not at work, [*id.* at 7].[2]

The first three of these six assertions are facts also presented on the record by Plaintiff and others during discovery and are set out as part of the Report's rendition of the facts. [Dkt. No. 26 at 2, 6]. If the Magistrate Judge had considered these assertions, which merely restate facts already illuminated in discovery and already in her findings of fact, it would not have changed her analysis. Because, as discussed below, the court agrees with the Magistrate Judge's analysis, considering these assertions would not affect the court's assessment of the case.

The latter three of the six assertions made in Plaintiff's Affidavit contain facts that were not otherwise produced during discovery. These assertions appear to present factual details augmenting the facts elicited from Plaintiff and others during discovery.[3] Two of them concern conduct by Plaintiff's former supervisors prior to Schreck's promotion decision which, when construed in Plaintiff's favor, indicate those supervisors' confidence in Plaintiff's leadership and management skills. The final assertion concerns conduct by Schreck suggesting that he only

---

[2] This list of assertions was helpfully provided by Defendant. [Dkt. No. 30 at 3]. The court finds the list to be an accurate representation of the assertions made in Plaintiff's Objections that relied on the Affidavit.

[3] Because the Affidavit does not contradict Plaintiff's deposition testimony, application of the so-called "sham affidavit rule" would be inappropriate. *See Mandegue v. ADT Sec. Sys., Inc.*, No. ELH-09-3103, 2012 WL 892621, at *17–18 (D. Md. Mar. 14, 2012) ("[A]pplication of the sham affidavit rule at the summary judgment stage must be carefully limited to situations involving flat contradictions of material fact.").

observed Plaintiff's work for a limited amount of time. Even if these assertions are considered, they would not perturb the court's or the Report's conclusions.

The Report determined that Plaintiff, in order to carry his burden, was required to show that Schreck's opinion regarding Plaintiff's inability to lead others was not honestly held. [Dkt. No. 26 at 13]. The court agrees. *See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 217–18 (4th Cir. 2007). "'In assessing pretext, a court's focus must be on the perception of the decisionmaker, that is, whether the employer believed its stated reason to be credible.'" *Id.* (quoting *Azimi v. Jordan's Meats, Inc.*, 456 F.3d 228, 246 (1st Cir. 2006)). Plaintiff's assessment of his own leadership abilities is irrelevant. *Evans*, 80 F.3d at 960–61. Likewise irrelevant are "'the opinions of . . . co-workers or other third parties.'" *Stevens v. Del Webb Comtys., Inc.*, 456 F. Supp. 2d. 698, 709 (D.S.C. 2009) (quoting *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 444–45 (4th Cir. 1998), *overruled on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002)). Only Schreck's opinion, and whether he honestly held it, matters. Plaintiff does not allege that his two prior supervisors' confidence in him was communicated to Schreck or that Schreck was aware of it. Consequently, these assertions have no bearing on whether Schreck's beliefs concerning Plaintiff's qualifications were honestly held.

Furthermore, the limited time that Schreck had to observe Plaintiff's work is also irrelevant to the issue at hand. "The focus of the pretext inquiry is whether the employee's stated reason was honest, not whether it was accurate, wise, or well-considered." *Billingslea v. Astrue*, No. 6:10-01467-JMC, 2012 WL 988125, at *4 (D.S.C. Mar. 22, 2012) (citations omitted). Accordingly,

> when an employer gives a legitimate, non-discriminatory reason for discharging the plaintiff, it is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination . . . In short, we do not sit to appraise [the decisionmaker's] appraisal.

10

*Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 279–80 (4th Cir. 2000) (citations omitted).  The final assertion from Plaintiff's Affidavit shows, at most, that Schreck's decision to not promote Plaintiff was ill considered, but it does not show that Schreck's reason for his decision—his opinion that Plaintiff was unable to lead a team and that Plaintiff was "too directive"—was not honestly held.

Because none of the assertions contained in Plaintiff's Affidavit would change the conclusions drawn by the Report, the Magistrate Judge's decision to disregard the Affidavit is of no consequence.  Therefore, the court modifies the Report's version of the facts to include the assertions utilized by Plaintiff in his Objections, but also finds that the modification does not disturb the remainder of the Report's analysis.

**Establishing Pretext**

The Report determined that Plaintiff failed to carry his burden to establish that Defendant's reasons for not promoting him were pretextual.  Schreck offered two reasons for not promoting Plaintiff: he failed to demonstrate an ability to get work done through people and he was too directive.  [Dkt. No. 20-3 at 28].  To establish pretext, Plaintiff had the burden of proving that Schreck did not honestly hold these opinions regarding Plaintiff's management skills and that he only articulated these reasons to mask his intentional discrimination.  *See Love-Lane v. Martin*, 355 F.3d 766, 788 (4th Cir. 2004).  The Report found that the evidence offered by Plaintiff was insufficient to create a genuine issue of material fact concerning whether Schreck's opinion was honestly held.  [Dkt. No. 26 at 13–14].  Plaintiff objects that the Report erred in its determination that he failed to produce the requisite evidence.

The court reviews this objection for clear error. Examining anew arguments already assessed in the report of a magistrate judge would waste judicial resources; parties must explain

*why* the magistrate judge's report is erroneous, rather than simply rehashing their prior filings and stating the report's assessment was wrong. *See Albourque v. Bradshaw*, No 1:11-cv-1506, 2013 WL 775080, at *5 (N.D. Ohio Feb. 28, 2013).

If a party fails to properly object because the objections lack the requisite specificity, *de novo* review by the court is not required. *See Brooks v. James*, No. 2:10-2010-MBS, 2011 WL 4543994, at *2 (D.S.C. Sept. 30, 2011); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008). In the absence of a proper objection, the court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note); *see also Thomas v. Arn*, 474 U.S. 140, 148–53 (1985).

Here, Plaintiff's objection restates, almost verbatim, the argument made to the Magistrate Judge in Plaintiff's Response Brief. He argues that the Magistrate Judge improperly discounted his leadership experience, prior business experience and work history. Plaintiff does not explain why the Report's conclusion that Plaintiff failed to demonstrate pretext was incorrect beyond merely restating the same position it maintained before the Magistrate Judge. Having done no more than restate an argument already made, Plaintiff's second objection does not merit *de novo* review. The court finds no clear error; therefore, it accepts the Report's conclusion.

**Other Evidence**

Plaintiff makes two objections with regard to other evidence. First, he argues that the Magistrate Judge improperly failed to consider that Alicia Castleberry, the next eldest person who applied for the management positions, was not chosen. Plaintiff asserts that a reasonable jury could infer that Defendant's failure to choose either of the eldest applicants was age discrimination. Moreover, Plaintiff contends that the Magistrate Judge erred in disregarding Mr.

12

Schreck's age-related comments about himself because Plaintiff claims such comments could lead a jury to "infer that his opinions about his own age influenced his decision about promoting Plaintiff." Objection at 9. *De novo* review is required for these arguments.

As to the failure to choose either of the eldest applicants, as Defendant points out in its Reply to Plaintiff's objections, the age of the other applicants may be material in establishing a prima facie case of age discrimination, but since Defendant has pointed to a non-discriminatory, legitimate reason for its choices, Plaintiff now bears the burden of demonstrating that such reason was pretext. Pointing out the other ages of the applicants does not show pretext. As the Magistrate Judge noted, "Plaintiff's argument is unavailing because it rests on the faulty assumption [without supporting evidence] that the candidates were equally qualified." Report at 15. The court finds that Defendant's failure to choose either of the eldest candidates for the management positions, without more, does not rise to the level of pretext.

Second, Plaintiff argues that Schreck's comment (about himself) that "for someone my age I still have a lot of energy" was in the context of the promotion decision and therefore can be the basis for a finding of pretext. The court disagrees. First, Schreck made this comment about himself and not about Plaintiff. Second, Schreck made the remark in response to Plaintiff's statement that he hoped Schreck would not be too tired to interview him. Third, while the comment may have been made during the interview process, Plaintiff has not demonstrated that it had anything to do with the decision-making process; instead, it was in reference to what had been a full day of interviews and meetings for Schreck, of which Plaintiff was one of the final slots. Therefore, the court finds that Plaintiff has failed to demonstrate pretext with his offers of other evidence.

**Un-objected Portion**

The court must make a *de novo* determination of those portions of a report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Portions of a report to which no party objects do not require *de novo* review by the court. *See Brooks*, 2011 WL 4543994, at *2; *Veney*, 539 F. Supp. 2d at 846. Absent objection, the court reviews the content of a report only for clear error. *See Diamond*, 416 F.3d at 316. The court does not find clear error in the un-objected portions of the Report; consequently, the court accepts the Report.

## CONCLUSION

For the foregoing reasons, the Report is **ADOPTED AND ACCEPTED** with the modifications discussed herein. Defendant's Motion for Summary Judgment [Dkt. No. 20] is **GRANTED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 9, 2013
Greenville, South Carolina

14